# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMONT ROULETTE IRISH,

    Petitioner,

v.

MARK R. CAPOZZA, *Superintendent*, and
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

    Respondents.

Civil Action No. 15-1040
Chief Magistrate Judge Maureen P. Kelly

## MEMORANDUM ORDER

LaMont Roulette Irish "(Petitioner") is currently serving a sentence of probation and has filed a Petition for Writ of Habeas Corpus utilizing a form Petition under 28 U.S.C. § 2241. ECF No. 4. By means of the Petition, he apparently seeks to challenge the fact that he is currently serving a sentence of probation that he claims he was not sentenced to. He complains that the Pennsylvania Board of Probation and Parole (the "Board") indicated to him that Petitioner is to serve a term of Special Probation of five years upon the completion of his sentence of incarceration, supervised by the Board as ordered by Petitioner's sentencing judge. Petitioner contends that the trial judge who sentenced him did not include a term of probation in his sentence. Id. at 7 ¶E. 3. ("I am challenging the Parole Board's Unlawful Action by falsifying a Five (5) years Probation to my sentence that was never stipulate[d] by the sentencing Judge Mariani M. Anthony [sic].").[1] The Board filed a Response to the Petition, asserting that he Petitioner has not exhausted his state court remedies in that he had a Post Conviction Relief Act ("PCRA") Petition currently pending in the Court of Common Pleas of Allegheny County. ECF

---

[1] The correct name of Petitioner's sentencing judge is the Honorable Anthony M. Mariani.

No. 8 at 2 – 3.  In the alternative, the Board asserted that the Petition is meritless because, contrary to Petitioner's contention, Petitioner was, in fact, sentenced to a five-year term of probation following his incarceration.  The Board attached to the Answer, copies of the sentencing order filed by Judge Anthony M. Mariani, ECF No. 8-1, 4 – 6, as well as the "Request for Special Probation/Parole Supervision" signed by Judge Mariani, id. at 8-9.

Given that the Board indicated Petitioner had a pending PCRA Petition in the Court of Common Pleas, raising the same issue therein as Petitioner raises herein, the Court ordered the Board to furnish this Court with copies of the pro se PCRA Petition and his appointed counsel's no-merit letter.  ECF No. 12.  The Board complied and provided both of those items.  ECF No. 13.

In the pro se PCRA Petition, Petitioner contended that the Board was illegally requiring him to serve a term of 5 years of probation after his sentence of incarceration even though Judge Mariani had allegedly not sentenced Petitioner to any such period of probation.  ECF No. 13 at 3 ("There has not been any stipulation by Your Honor for Defendant to complete his sentence and hereinafter following A Five (5) year special probation as implicated by the PBPP.").  Petitioner's PCRA appointed counsel filed a no-merit letter, indicating that the pro se PCRA petition was meritless.  Petitioner's counsel pointed out that "the Board did not increase Defendant's sentence since the Trial Court ordered the 5 year, and 45 day (concurrent to the 5 year), probations at Counts 3 and 5, and therefore the instant claims are without merit." Id. at 14.

We take judicial notice of the dockets of Petitioner's criminal case and PCRA

proceedings.² Those dockets indicate that on December 9, 2015, Judge Mariani dismissed the PCRA Petition. No appeal was thereafter filed.

These very same dockets of which we take judicial notice definitively confirm that Petitioner was indeed sentenced to a term of 5 years of special probation at Count 3 to follow Petitioner's period of incarceration. See Docket sheet at pages 3 (bottom of page) – 4 (top of page), indicating that at Sequence Number 3, Accidents involving Death or Personal Injury, Petitioner received a sentence of probation for a minimum of 5 years and a maximum of 5 years. Furthermore, at page 5 of the docket sheet, it clearly indicates under a section entitled "LINKED SENTENCES" that the five-year probation imposed at Sequence Number 3 is consecutive to Sequence Number 2 which was Petitioner's sentence of confinement.

The record before this Court and of which it takes judicial notice clearly establishes that Petitioner was in fact sentenced to a 5 year term of probation following his incarceration. Accordingly, as the factual basis of Petitioner's claim in the Petition is without any support, the Petition is dismissed. Because jurists of reason would not find the foregoing debatable, a Certificate of Appealability is denied.³

Date: November 20, 2017       /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

² The dockets in Commonwealth v. Irish, No. CP-02-CR-0016591-2012 (C.P. Allegheny County) are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0016591-2012

(site last visited 11/20/2017).

³ All parties have consented to the plenary exercise of jurisdiction by the Magistrate Judge. ECF Nos. 9 and 11.

cc:	LAMONT ROULETTE IRISH
	69 Ruth Street
	Pittsburgh, PA 15211

	All counsel of record via CM/ECF